Turley J.
delivered the opinion of the court.
At the July term 1835 of the circuit court for the county of Carroll, the plaintiff in error was convicted of the crime of *280 murder, and sentenced by the judgment of the court to die, -which judgment this writ of error is prosecuted to reverse.
The first objection to this judgment is, that the bill of indictment is drawn without any specification as to the degree of murder intended to be charged, and that the verdict of the jury is in general terms, that the prisoner is guilty in manner and form as charged in the bill of indictment, without specifying that he is guilty of murder in the first or second degree.
This- objection is well taken: The act of 1829, c. 23, § 3, enacts, “that the jury before whom any person indicted for murder shall be tried, shall if they find such person guilty thereof, ascertain in their verdict, whether it be murder in the first or second degree.
The second objection is, to the charge of the court as to the manner in which the testimony in the case was to be judged by the jury. The bill of exceptions shows, that the dying declarations of the individual charged to have been murdered by the prisoner, were contradictory; sometimes accusing him of having committed the deed, and at other times saying that she did not know who had done it. Upon this the court charged the jury, that ii they found that the deceased in her dying declarations made contradictory statements, that they were not to be governed by the rules of evidence in relation to contradictory statements made by a witness in a court of justice. This charge is clearly erroneous, for there is no reason why the same principle of law should not be applied to the contradictory statements of persons in extremis and those of a person on examination under oath. The court upon this point should have charged the jury, that if they believed that the contradiction in the dying declarations of the deceased, were produced by ignorance on her part as to who had committed the offence, and a mere surmise that it was the prisoner, they ought to be rejected and not permitted to have any weight in coming to a conclusion upon which their judgment was to be based; but that if they believed that the contradictions were produced by apprehension and fears of her husband, or an unwillingness to charge him with the offence, and not from ignorance as to his guilt, then the contradictions might be reconciled, and that portion of her declaration charging the *281 prisoner with the offence ought to be taken into consideration by them, and such weight ought to be given to it as from all the circumstances in the case they might think it justly entitled.
The judgment will be reversed and the prisoner remanded to Carroll county for a new trial under these instructions.
Judgment reversed.